1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

CHRYSTAL M.,

                Plaintiff,

    v.

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.

CASE NO. C23-5403-BAT

**ORDER REVERSING AND REMANDING**

13
14
15
16
17
18
19

       Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously discounted the opinions of Lauren Fisher, M.D., and Nicole Adamson, D.C., and her testimony. She also argues the opinions of Chris Henderson, DRT, she submitted to the Appeals Council establishes limitations that are consistent with Dr. Fisher's assessment. Dkt. 13. As relief she requests the Court remand the case for calculation of an award of benefits. For the reasons below, the Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

20

**DISCUSSION**

21
22
23

       Plaintiff applied for Title II disability and disability insurance benefits alleging disability beginning in November 2019. Tr. 55. After conducting a hearing, the ALJ issued a decision finding Plaintiff last worked on November 20, 2019; meets the insured status requirements

ORDER REVERSING AND REMANDING - 1

through June 24, 2024; that cervical degenerative disc disease, fibromyalgia, bilateral shoulder abnormalities, diabetes mellitus, and post-traumatic stress disorder are severe impairments; and Plaintiff retains the residual functional capacity (RFC) to perform light work with additional limitations, and is not disabled because there are jobs in the national economy that she can perform  Tr. 57-58.

Plaintiff contends the ALJ misevaluated the opinions of Drs. Fisher and Adamson, and her testimony and consequently erred in determining her physical RFC. In assessing the medical evidence regarding Plaintiff's physical limitations, the ALJ gave partial weight to the January – May 2021 reviewing doctors' opinions that Plaintiff is limited to light exertional work. Tr. 68. The ALJ gave weight, Tr. 70, to the December 2020 opinion of consultative examining doctor Guito Wingfield, MD who opined Plaintiff can work sit, stand and walk for eight hours; can lift and carry 20 pounds occasionally and ten pounds frequently; can climb, crouch and kneel; and has limitations in reaching frequently but can handle, finger and feel. The ALJ noted after Dr. Wingfield completed the exam, Plaintiff had unchanged physical exam findings between March 2021 and November 2021. Tr. 69.

Based upon Dr. Wingfield's opinion, which the ALJ found consistent with the medical record, the ALJ determined Plaintiff can perform light work and retains, in relevant part, the RFC to "perform light work with frequently climbing of ramps and stairs; never climbing ladders, ropes or scaffolds; frequent balancing, stooping, kneeling and crouching; occasional crawling; frequent forward and lateral reaching bilaterally; occasional overhead reaching bilaterally; frequently bilateral handling and fingering." Tr. 69.

Drs. Fisher and Adamson opined Plaintiff has greater physical limitations than assessed by both Dr. Wingfield and the reviewing doctors. The ALJ discounted Dr. Fisher's opinion as

not well supported and inconsistent with the medical record. The ALJ found Dr. Fisher used a check-box form with little analysis or explanation of the limitations she found; the doctor's treatment was "minimal" in that she primarily gave Plaintiff's injections; the doctor opined Plaintiff was significantly limited despite knowing Plaintiff had moved "400 pounds of rock" which is inconsistent with her opinion Plaintiff is able to lift less than 10 pounds; and the doctor "clearly based her opinions on the claimant's subjective statements." Tr. 71.

The parties spar over whether the ALJ correctly gave weight to the opinions of the reviewing doctors and Dr. Wingfield as consistent with the medical record, and whether the ALJ erred in discounting the opinions of Drs. Fisher and Adamson as inconsistent with the medical record.

As an initial matter, Dr. Fisher's use of a check-box format is not grounds to reject her opinion. Dkt. 13 at 6. *See e.g., Popa v. Berryhill*, 872 F3d 901, 907 (9th Cir. 2017) (Use of a check-box form provides no reason to reject opinion, much less a germane reason.). The ALJ however did not reject Dr. Fisher's opinion solely because it was in a check-box format; the ALJ also found Dr. Fisher's opinion is inconsistent with Plaintiff's medical record and other evidence.

The Commissioner argues the Court should affirm because the ALJ correctly found the medical record is inconsistent with Dr. Fisher's opinion. There are three aspects of the medical record that undercuts the Commissioner's argument and ALJ's findings. First, the ALJ gave weight to the reviewing doctors' opinion, as consistent with the medical record, that Plaintiff's "MDI (medically determinable impairment) is thoracic strain and limitations in this RFC are based solely off the sole abnormal finding on exam of limited ROM of the shoulders." Tr. 428. These opinions were rendered before Plaintiff was diagnosed in December 2021 with

fibromyalgia with examination findings that the ALJ noted included "tenderness of her third MCP, widespread tenderness pf her upper, mid and lower back musculature, mild tenderness in her left lateral hip and tenderness of her left triceps tendon insertion of the elbow, and that while gabapentin provided marked improvement it made Plaintiff groggy. Tr. 66.

The reviewing opinions that Plaintiff can perform light work with limitations relied upon an abnormal shoulder finding, and the medical records regarding Plaintiff's physical abnormalities and conditions. The opinions did not address or account for the impact fibromyalgia has on Plaintiff's functioning. The record indicates fibromyalgia symptoms do not rely upon signs of injury or inflammation but is a neurological condition. Tr. 1508. Hence fibromyalgia can cause severe pain even when a patient has mild injury or inflammation. *Id.* Because the reviewing doctors' opinions relied upon records related only to physical injury and failed to address the impact of fibromyalgia, one cannot say they are "consistent" with the record and grounds to reject other opinions.

Similarly, the ALJ found Dr. Wingfield's opinion regarding his physical examination findings consistent with the medical record regarding Plaintiff's physical impairments, cervical disc degeneration and shoulder abnormalities. Tr. 69-70. But Dr. Wingfield's opinion and the ALJ's finding that the opinion is consistent with the medical record focuses on cervical and shoulder issues and does not address the impact of fibromyalgia on her functioning.

Additionally, Dr. Wingfield opined Plaintiff "is limited in reaching frequently due to decreased range of motion but can handle, finger, and feel. Her left upper extremity, she has some limits on reaching due to decreased range of motion, but she can handle, finger and feel." Tr. 641. The ALJ found Dr. Wingfield opined Plaintiff can "frequently reach." Tr. 70.  It is unclear whether Dr. Wingfield is of the same opinion. The doctor did not state Plaintiff "can

1   frequently reach" or is "limited **to** frequent reaching"; thus, it cannot be determined whether the

2   doctor meant Plaintiff cannot reach frequently or can reach frequently. Additionally, Dr.

3   Wingfield stated Plaintiff has "some limits on reaching" as to her left extremity but did not

4   describe what "some limits on reaching" means, i.e., whether these limits are the same, greater,

5   or less than Plaintiff's right extremity limits. Despite this ambiguity, the ALJ found Plaintiff has

6   the RFC to frequently reach bilaterally in a forward and lateral direction.

7          The Court accordingly finds the ALJ's determination to discount Dr. Fisher's opinions

8   and give weight to the opinions of the reviewing doctors and Dr. Wingfield as more consistent

9   with the medical record is not supported by substantial evidence. The ALJ's evaluation and

10  reliance upon the medical opinions and their consistency with the record focused upon Plaintiff's

11  cervical disc degeneration and her shoulder abnormalities but omitted Plaintiff's fibromyalgia

12  symptoms which would not be revealed by Plaintiff's cervical disc degeneration and shoulder

13  abnormality records. While the ALJ did discuss the medical record and opinions regarding

14  Plaintiff's physical problems (her disc and shoulder problems), the impact of fibromyalgia on

15  Plaintiff's functional abilities was not sufficiently assessed. The failure to adequately assess the

16  impact a severe impairment has on a claimant's functioning leaves a significant hole in

17  determining the functional abilities of a claimant and whether the medical record supports or

18  contradicts the claimant's allegations about the severity of her symptoms, and the opinions of

19  Drs. Fisher and Adamson.

20         The failure to assess the impact of the severe impairment of fibromyalgia, which is part

21  of the medical record, thus requires the ALJ on remand to reevaluate the record, all of the

22  medical opinions, including those provided by Drs. Fisher and Adamson and Plaintiff's other

23  medical providers and other sources, as well as Plaintiff's testimony.

ORDER REVERSING AND REMANDING - 5

1    While the Court finds the ALJ erred, and the case should be remanded, the Court does not

2    find the record is complete and benefits should be awarded as Plaintiff suggests. To the contrary,

3    as noted above the Court finds the impact of fibromyalgia whether considered alone, or in

4    combination with Plaintiff's other impairments, was not sufficiently addressed in assessing the

5    medical record, the medical opinions and Plaintiff's testimony. The record is thus incomplete

6    and further proceedings are necessary to permit the ALJ to weigh the evidence regarding

7    fibromyalgia in the first instance.

8                                    **CONCLUSION**

9    For the foregoing reasons, the Commissioner's decision is **REVERSED,** and this case is

10   **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g)

11   On remand, the ALJ shall reassess the medical evidence (including fibromyalgia), and

12   opinions, and Plaintiff's testimony; develop the record and redetermine RFC as needed and

13   proceed to the remaining steps of the disability evaluation process as appropriate.

14   DATED this 20th day of September, 2023.

15

16   _____

     BRIAN A. TSUCHIDA
17   United States Magistrate Judge

18

19

20

21

22

23

ORDER REVERSING AND REMANDING - 6